UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Rafael Chagolla,<br><br>        Plaintiff,<br><br>v.<br><br>Link Snacks, Inc.,<br><br>        Defendant. | Court File No. _____<br><br><br>**NOTICE OF REMOVAL** |

Defendant Link Snacks, Inc., ("Jack Link's") hereby removes the above-captioned action from Hennepin County District Court, Minnesota, to the United States District Court for the District of Minnesota. In support of this Notice, Jack Link's states as follows:

**BACKGROUND**

1.      On January 20, 2026, Plaintiff Rafael Chagolla ("Plaintiff") commenced an action against Jack Link's by serving, but not filing, a Summons and Complaint ("Complaint") on Jack Link's. The action was filed in Hennepin County District Court, Minnesota, on February 4, 2026, captioned *Rafael Chagolla v. Link Snacks, Inc.*, Case No. 27-CV-26-1875.

2.      Plaintiff claims that during his employment with Jack Link's, he suffered adverse employment actions in violation of the Minnesota Human Rights Act ("MHRA") and the Minnesota Whistleblower Act ("MWA"). Plaintiff seeks damages and attorneys' fees.

3.      As set forth below, Jack Link's has satisfied all jurisdictional and procedural requirements for removal of this action. Jurisdiction exists under 28 U.S.C. § 1332(a) because: (1) there is complete diversity of citizenship, and (2) the amount in controversy exceeds $75,000.

**JACK LINK'S SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL**

4.      Pursuant to 28 U.S.C. § 1446(a), a copy of all process and pleadings served upon Jack Link's is attached to this Notice as **Exhibit 1.**

5.      Plaintiff served the Summons and Complaint on Jack Link's on January 20, 2026. *See* Ex. 1, Affidavit of Service.

6.      This Notice of Removal is timely filed under 28 U.S.C. § 1446(b) because it is being filed within thirty (30) days after service upon Jack Link's of the Summons and Complaint.

7.      In addition, the date by which Jack Link's is required to file responsive pleadings has not passed.

8.      The United States District Court for the District of Minnesota is the federal judicial district encompassing the Minnesota District Court, Fourth Judicial District, Hennepin County, where this suit was originally filed. Therefore, this Court is a proper venue for this action because it is "the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

9.      Jack Link's will promptly serve notice of filing of this Notice of Removal on Plaintiff and will promptly file a copy of this Notice of Removal with the Minnesota

District Court, Fourth Judicial District, Hennepin County, as required by 28 U.S.C. § 1446(d). Jack Link's will file with this Court a file-stamped copy of the Notice of Removal to Federal Court.

10. A civil cover sheet is attached as **Exhibit 2**.

**JURISDICTION EXISTS UNDER § 1332(a)**

11. An action can be removed to federal district court if it falls within the court's original jurisdiction. 28 U.S.C. § 1441(a).

12. A district court has diversity jurisdiction over a case if "the matter in controversy exceeds the sum or value of $75,000" and is between "citizens of different states." 28 U.S.C. § 1332(a). This case satisfies both requirements.

**A.** **<u>The parties are completely diverse.</u>**

13. At the time the Complaint was served, and at all times since, including the time of this Notice of Removal, Plaintiff was and is a citizen of the State of Minnesota. Ex. 1, Compl. ¶ 1.

14. A corporation is a citizen of the state where it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

15. At the time the Complaint was served, and at all times since, including the time of this Notice of Removal, Jack Link's was and still is a corporation organized and existing under the laws of the State of Wisconsin, with its principal place of business in Minong, Wisconsin. Therefore, Jack Link's is a citizen of the State of Wisconsin.

16. Because Plaintiff is a citizen of a state different from Jack Link's, the diversity requirement set forth in 28 U.S.C. § 1332(a)(1) is satisfied.

3

**B.     More than $75,000 is in controversy.**

17.     Jack Link's bears the burden to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *McNeilus Truck & Mfg., Inc. v. Hunt*, No. Civ.01-1099 (DSD/JMM), 2001 WL837940, at *2 (D. Minn. July 23, 2001). "Under the preponderance standard, the jurisdictional fact is not whether the damages are greater than the requisite amount, but whether a fact finder *might* legally conclude that they are." *Grawitch v. Charter Commc'ns, Inc.*, 750 F.3d 956, 959 (8th Cir. 2014).

18.     In considering whether the amounts in controversy satisfy the requirement of 28 U.S.C. § 1332(a), "the court looks to state law to determine the nature and extent of the right to be enforced as well as the state measure of damages and the availability of special and punitive damages." *McGuire v. State Farm Fire and Cas. Co.*, 2015 WL 2373437, at *3 (D. Minn. May 18, 2015) (citing *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 352-53 (1961)).

19.     Plaintiff's Complaint includes three claims: (1) disability discrimination in violation of the MHRA; (2) reprisal in violation of MHRA; and (3) retaliation in violation of the MWA. For each claim, Plaintiff alleges that he suffered and continues to suffer lost wages and benefits, past and future emotional distress, attorneys' fees and expenses, and other serious damages. Ex. 1, Compl. ¶¶ 29, 35, 43.

20.     In his Complaint, Plaintiff seeks a variety of damages as his prayer for relief, including back pay, front pay, the monetary value of any employment benefits he would have been entitled to in his position with Jack Link's, compensatory damages, treble damages, and attorneys' fees. Ex. 1, Compl. p. 9 (Prayer for Relief).

21. Although Plaintiff's Complaint does not allege a specific amount of total damages sought, Jack Link's believes in good faith (without any admission as to the merits of those allegations) that the total amount in controversy exceeds the jurisdictional amount of $75,000 set forth in 28 U.S.C. § 1332(a).

22. In addition, Plaintiff alleges in his Complaint that he suffered and continues to suffer past and future emotional distress following the termination of his employment. Ex. 1, Compl. ¶¶ 29, 35, 43.

23. Compensatory damages can be subject to trebling under the MHRA. Minn. Stat. § 363A.33 subd. 8; *Ray v. Miller Meester Advert., Inc.*, 684 N.W.2d 404, 407-08 (Minn. 2004).

24. Plaintiff is also seeking attorneys' fees. Ex. 1, Compl. ¶¶ 29, 35, 43. Here, Plaintiff alleges violations of the MHRA and a violation of the MWA. Pursuant to the MHRA and the MWA, in addition to any recoverable damages, reasonable attorneys' fees are recoverable remedies for a civil action brought based upon violation of the MHRA or the MWA. *See* Minn. Stat. § 363A.33, subd. 7; Minn. Stat. § 181.935.

25. As a result, allowable attorneys' fees count toward the jurisdictional minimum when calculating the amount in controversy. *Crawford v. F. Hoffman–La Roche, Ltd.*, 267 F.3d 760, 766 (8th Cir. 2001); *see also Gabrielson v. Hartford Co.*, No. CIV.08-123(DSD/SRN), 2008 WL 1745660, at *1 (D. Minn. Apr. 11, 2008) ("To determine whether a fact finder might legally conclude that the amount in controversy is greater than $75,000, a court may consider total compensatory damages, treble damages, punitive damages and attorney's fees."); *Mueller v. RadioShack Corp.*, No. 11-CV-0653 PJS/JJG,

5

2011 WL 6826421, at *2 (D. Minn. Dec. 28, 2011) (taking into account likely future attorneys' fees for purposes of determining the amount in controversy).

26.     While Plaintiff's claims are meritless and Plaintiff will ultimately receive nothing, the matter in controversy in this case exceeds $75,000, excluding interest and costs. *See* 28 U.S.C. § 1332(a).

27.     As a result, this Court also has jurisdiction over the parties and subject matter of Plaintiff's Complaint pursuant to diversity.

## CONCLUSION

Defendant respectfully removes this action from Hennepin County District Court, Minnesota, to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Dated: February 9, 2026.

*/s/ Matthew Tews*

Matthew Tews (#0392033)
Kelly M. Maxwell (#0400668)
STINSON LLP
50 South Sixth Street, Suite 2600
Minneapolis, MN  55402
Telephone: (612) 335-1500
matthew.tews@stinson.com
kelly.maxwell@stinson.com

**ATTORNEYS FOR DEFENDANT
LINK SNACKS, INC.**